**In the Matter of Robert A. MIKRUT, Debtor.**

**Bankruptcy No. MM13–85–02131.**

United States Bankruptcy Court, W.D. Wisconsin.

Aug. 20, 1987.

Thomas G. Travers, Tomlinson, Gillman & Travers, S.C., Madison, Wis., for debtors.

Mary E. Bielefeld, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C.

William Chatterton, Ross & Chatterton, Madison, Wis., trustee.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

### I.

On October 24, 1985, Robert A. Mikrut ("Mikrut") filed for relief under chapter 13 of the Bankruptcy Code. Mikrut listed the following creditors in his schedules:

| | | | |
|---|---|---|---|
| IRS | income taxes 1978 and 1979 | $ 5,068.80 | priority |
| IRS | penalties and interest on taxes for 1978, 1979 and 1982 | 9,561.48 | non-priority unsecured |
| Illinois Dept. of Revenue | taxes for 1978, 1979 and 1982 | 905.59 | priority |
| Illinois Dept. of Revenue | penalties and interest for 1978–1982 | amount unknown | non-priority unsecured |

On November 6, 1985, the creditors were sent a notice which advised, *inter alia* that a creditor's first meeting would be held on November 25, 1985, their claims had to be filed within ninety days thereafter and "[a]nyone desiring a hearing on confirmation ... must file a written objection to confirmation ... before the first meeting...." The notice further noted that Mikrut had proposed a plan and that he had scheduled $15,974.39 in priority claims and $9,561.48 in general unsecured claims.

There were no timely objections to confirmation, therefore this court confirmed Mikrut's plan on December 2, 1985. The plan provides for monthly payments of $300.00, with unsecured creditors receiving a 15% pro rata distribution.

On January 2, 1986, the Internal Revenue Service ("IRS") filed a proof of a secured tax claim for $14,661.62. The claim was broken down as follows:

| Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Date Notice of Lien Filed |
|---|---|---|---|---|---|
| 12/31/78 Income 1040 | 06/21/82 | $1,053.00 | $1,007.98 | $4,101.23 | 05/15/85 Dane Co. |
| 12/31/79 Income 1040 | 07/29/85 | 3,018.48 | 1,555.90 | 3,062.40 | 10/24/85 Dane Co. |
| 12/31/82 Income 1040 | 07/15/85 | 0.00 | 440.05 | 422.58 | 10/24/85 Dane Co. |

On March 6, 1986, this court allowed the IRS' secured claim and advised that the claim would be deemed approved unless the debtor filed a written objection within thirty days. On March 26, 1986, Mikrut filed an objection to the allowance of the IRS' secured claim. This court heard Mikrut's objections on May 12, 1986. The matter was taken under advisement pending the parties briefing of the following issues:

1. Does characterization of a claim in a confirmed plan bind the creditor?

2. Is the IRS entitled to secured status; and if so, as to what portion of the claim?

3. Are the interest and penalties levied by the IRS entitled to priority treatment within the meaning of 11 U.S.C. § 1322(a)(2) and 11 U.S.C. § 507(a)(7)?

For the reasons discussed below, I conclude that the issues must be resolved in the following way:

1. Characterization of a secured claim in a confirmed plan does not bind the secured creditor. A confirmed plan does not have the effect of invalidating or extinguishing an otherwise valid lien, even if the secured creditor has failed to object to the plan's treatment of its claim.

2. The IRS has a secured claim equal to the value of the property to which it liens attach. The IRS' liens attach to and may be satisfied from exempt assets. As Mikrut had at the time of filing $4,350.00 worth of assets to satisfy the IRS' $14,-661.62 claim, the IRS has a $4,350.00 secured claim and a $10,311.62 unsecured claim.

3. The IRS has conceded that the penalties are not entitled to priority treatment. The weight of authority indicates that pre-petition interest should be accorded the same priority as the underlying tax claim. Therefore only $6,503.46 of the IRS' unsecured claim is entitled to priority.

## II.

Mikrut contends that under 11 U.S.C. § 1327 the IRS is bound by the plan's treatment of its claims as unsecured priority and general unsecured, and therefore the IRS is precluded from asserting a secured claim. The IRS maintains that its tax liens cannot be defeated by the provisions of a confirmed chapter 13 plan and requests this court to order Mikrut to modify his plan to provide for the full payment of its secured claim.

It is generally true that the confirmation of a chapter 13 plan will bind all creditors to the plan's classification of their claims, even if the classification is erroneous. *In re Spohn,* 61 B.R. 264, 265 (Bankr. W.D.Wis.1986). *See also* 11 U.S.C. § 1327(a). However, as explained in *In re Spohn* this rule is inapplicable when a confirmed plan does not provide for the satisfaction of an allowed secured claim: "Although the unsecured creditors are bound by the terms of a confirmed plan, even if the plan erroneously treats their claim, the lien held by a secured creditor cannot be defeated by the terms of a confirmed plan. *See In re Simmons,* 765 F.2d 547 (5th Cir.1985)." *Id.* at 265. Unless the underlying secured claim is disallowed a lien will not be defeated by the terms of a confirmed plan and will survive bankruptcy if not fully provided for in the plan. *Id.* In order for the IRS' claim to be disallowed, Mikrut must tender sufficient evidence to

overcome the prima facie validity accorded a claim for which proof has been duly filed. *See Spohn* at 265.

■ Mikrut cites *In re Busman,* 5 B.R. 332, 6 B.C.D. 683 (Bankr.E.D.N.Y.1980) to argue that because the IRS failed to file a claim prior to confirmation the IRS is bound by the terms of his confirmed plan. *Busman* is inapplicable to this case because it was decided under Bankruptcy Rule 13–302(e)(1) which has been replaced by Bankruptcy Rule 3002. Bankruptcy Rule 13–302(e)(1) required a secured creditor to file a proof of claim on or before the first date set for the meeting of creditors, whereas Bankruptcy Rule 3002(c) allows a creditor to file its proof of claim up to ninety days after the first meeting. Furthermore, a secured creditor need not file a proof of claim in order to preserve its lien. *In re Spohn,* at 265.

■ In an attempt to have the IRS' secured claim disallowed, Mikrut argues that the IRS cannot have an allowed secured claim because he has exempted all of his assets. This argument is without merit. For the reasons explained in *In re Driscoll,* 57 B.R. 322, 327 (Bankr.W.D.Wis. 1986) a tax lien attaches to, and is therefore secured by, all of the debtor's assets, including property the debtor has exempted under state or federal exemptions. Mikrut has listed a total of $4,350.00 in assets, therefore the IRS has a secured claim for this amount. The remaining portion of its claim, $10,311.62 is unsecured. *See* 11 U.S.C. § 506(a). 11 U.S.C. § 522(c)(1) does not change this result. *See In re Spohn, supra.*

■ Payments made to the IRS pursuant to a chapter 13 plan are involuntary. Accordingly, the IRS will be entitled to direct the application of payments. *See Muntwyler,* 703 F.2d 1030 (7th Cir.1983), and discussion of *Muntwyler* in *Calkins,* 74 B.R. 218 (Bankr.W.D.Wis.1987), and *Riley,* Adv.Pro. No. 85–0223–13, slip op. (Bankr.W.D.Wis. July 15, 1987).

IRS has stated that it would be in its best interests to apply the value of the collateral against the 1978 tax indebtedness as this claim is the oldest and would not be entitled to priority treatment. After application of the $4,350.00, the 1978 tax lien would be unsecured to the extent of $1,812.21. The IRS concedes that this unsecured portion of its claim must be accorded general unsecured status as it does not fall within the three year period required for priority treatment under 11 U.S.C. § 507(a)(7)(A)(i).

The IRS also concedes that the penalty claims for the tax periods of 1979 and 1982 are not entitled to priority treatment under 11 U.S.C. § 507(a)(7)(G) because they are punitive in nature, rather than being compensation for actual pecuniary loss as required by that section. Mikrut correspondingly concedes that the actual tax due for the 1979 period is entitled to priority treatment under 11 U.S.C. § 507(a)(7)(A)(ii). The parties disagree as to the treatment to be accorded the interest claims for the 1979 and 1982 tax periods.

■ Mikrut cited only one case, *In re Razorback Ready–Mix Concrete Co.,* 45 B.R. 917 (Bankr.E.D.Ark.1984), where a court has held that pre-petition interest must be given general unsecured, rather than priority status. *Id.* at 924. The *Razorback* court reviewed the legislative history of 11 U.S.C. § 507 and 11 U.S.C. § 726 and concluded:

> [T]hat it cannot agree with the Government's position with regard to whether pre-petition interest on the tax claims should be given priority status. Clearly, the interest is a part of the government's allowed 'claim.' But just as clearly creditors of debtors may have claims and, under the Code, these claims may be given different classifications for purposes of distribution and priority status. For example, a creditor may file a claim as secured but, upon subsequent determination, part of that claim may be relegated to an unsecured status. Another example, as the debtor correctly points out, is the penalty taxes claimed herein. The penalty taxes, although part of the defendant's 'claim,' do not share priority status with the tax claim. The issue is not, as appears to be the focus of the

Government's argument, whether the interest is part of the defendant's claim or whether it may be considered within the definition of 'claim.' Rather the issue is whether that part of the claim for pre-petition interest must necessarily be given priority status because the claim for taxes is so prioritized. § 507 does not provide for priority treatment of pre-petition interest on tax claims. Such a provision, in fact, was deleted. The court is persuaded that the Code does not provide, either expressly or impliedly, priority status for the pre-petition interest claimed by the defendant (just as it does not for pre-petition penalties), but it is allowable as a general unsecured claim.

*Id.* at 924.

The court in *In re Treister*, 52 B.R. 735, 737 (Bankr.S.D.N.Y.1985) also considered the legislative history of 11 U.S.C. § 507 and 11 U.S.C. § 726 and concluded that pre-petition interest should be accorded the same priority treatment as the underlying tax claim:

> Section 507(a)(6) accords priority to certain 'allowed unsecured *claims* of governmental units.' (Emphasis added). The term 'claim' is broadly defined in section 101(4) to include the 'right to payment' and thus in this context is read to include interest. The legislative history of another section which discusses 'claim' is supportive. Originally, the Senate included a provision in section 726 which expressly provided that the term 'claim' should include interest. The House deleted that provision stating it was unnecessary 'since a right to payment for the interest due is a right to payment which is within the definition of 'claim' in section 101(4)....' 124 Cong. Rec.H. 11098 (Sept. 28, 1978); S. 17, 415 (Oct. 6, 1978). *See also* S.Rep. No. 95–989, 95th Cong.2d Sess. 97 (1978), U.S. Code Cong. & Admin.News 1978, 5787. Accordingly, the pre-petition interest of 196.26 associated with the 1981 priority tax claim will similarly be accorded priority under section 507(a)(6).

(footnote omitted).

The court in *In re Keller & Katkowsky, P.C.*, 55 B.R. 155, 157 (Bankr.E.D.Mich. 1985) adopted the holding of *In re Treister.* After reviewing the *Treister* court's discussion of the legislative history of 11 U.S.C. § 726, the court referred to the Tax Code as additional support for the conclusion that Congress intended pre-petition interest to be classified in the same manner as the tax itself:

> The deletion of interest from the House version of the provision derives from Congress' treatment of interest in the Tax Code as included in the tax and tax liens. As a general rule, a tax not paid on or before the last date of payment requires payment of interest on the outstanding balance. 26 U.S.C. § 6601(a). The interest is required to be paid upon notice and demand, and assessed, collected, and paid in the same manner as taxes. Any reference in Title 26 to any tax imposed under Title 26 is deemed to refer to interest imposed by the section of such tax. 26 U.S.C. § 6601(e)(1) ...
>
> ... The Tax Code also makes it clear that interest is inherent in the filing of a federal tax lien and is to receive priority treatment. Section 6321 of Title 26 provides:
>
>> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interests, additional amount, addition to tax, or assessible penalty, together with costs that may accrue in addition thereto) shall be a lien in the favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
>
> 26 U.S.C. § 6321.
>
> 'The recorded notice does not give notice that the federal tax lien is limited to *only* the amount stated in the notice; rather it puts any interested person on inquiry to discover the true extent and nature of the incumberance.' *Peterson v. United States*, 511 F.Supp. 250, 256 (D.Utah, C.D.1981). (Emphasis original). The words 'interest, penalty, additional amount, or addition to such tax' provide a strong indication of the legislative intent to grant a lien in excess of the

actual amount of the tax. *In re: Parchem,* 166 F.Supp. 724, 726 (D.Minn. 1958).

*Id.* at 156, 157.

Other courts have concluded that pre-petition interest is entitled to priority under 11 U.S.C. § 507(a)(7)(G). *In re Palmer,* 53 B.R. 545, 549 (Bankr.N.D.Tex.1985), *aff'd* [1985–1986 Transfer Binder] BANKR.L. REP. (CCH) ¶ 71,273 (Bankr.N.D.Tex. June 24, 1986) [Available on WESTLAW, 1986 WL 9801]. *In re Reich,* 66 B.R. 554, 556 (Bankr.D.Colo.1986).

The weight of authority supports the conclusion that pre-petition interest on tax claims is entitled to the same priority status as the underlying claim. *See also In re Frost,* 19 B.R. 804 (Bankr.D.Kan.1982), *rev'd on other grounds,* 47 B.R. 961 (D.Kan.1985); *In re Coleman American Moving Services, Inc.,* 26 B.R. 825 (Bankr. D.Kan.1983); *In re Hernando Appliances, Inc.,* 41 B.R. 24 (Bankr.N.D.Miss.1983).

### ORDER

The court having this day entered its memorandum decision in the above-styled matter,

IT IS HEREBY ORDERED that Robert A. Mikrut's objection to the allowance of the secured claim of the Internal Revenue Service is denied.

IT IS FURTHER ORDERED that the IRS has a secured claim for $4,350.00, a priority claim for $6,503.46, and a general unsecured claim for $3,808.16. Mikrut's plan must be modified within fifteen days to provide for the full satisfaction of the IRS' secured and priority claims. Failure to so modify will result in automatic dismissal of his bankruptcy case.