In re PROFESSIONAL TECHNICAL
SERVICES, INC., Debtor/Appellee,

v.

UNITED STATES of America,
Appellant.

No. 87–2331 C(5).

United States District Court,
E.D. Missouri, E.D.

Dec. 15, 1988.

Stuart J. Radloff, Clayton, Mo., for debtor/appellee.

Robert D. Metcalfe, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Thomas Dittmeier, U.S. Atty., St. Louis, Mo., for appellant.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

### A. INTRODUCTION

This matter is before the Court on the United States of America's appeal from the final order and memorandum opinion of the United States Bankruptcy Court entered in this case on December 4, 1987. This Court has jurisdiction to hear this appeal from the bankruptcy judge's final order pursuant to Title 28 U.S.C. § 158(a).

The question presented by this appeal is whether a bankruptcy court can affirm a corporate debtor's plan under reorganization pursuant to Chapter 11 of the Bankruptcy Code if the debtor has specified in its plan that federal tax payments shall be applied first to satisfy the trust fund portion of the debtor's delinquent federal withholding and federal insurance contribution (FICA) tax liabilities. The answer to this question turns on the threshold issue of whether a debtor's payments on pre-petition federal tax liability pursuant to a plan of reorganization under Chapter 11 are voluntary or involuntary.

### B. FACTS AND POSTURE

The government extensively described the relevant facts to this appeal in its brief. Debtor, Professional Technical Services, Inc. (hereinafter, PTS), in its reply brief, accepted and adopted that statement of the facts. Those facts briefly are as follows. On or about September 23, 1986, the Internal Revenue Service served notices of levy upon various accounts receivable and bank accounts belonging to debtor, Professional Technical Services, on the assessments made against the debtor for unpaid federal employment taxes in the amount of $87,-870.56. *In re Professional Technical Services, Inc.*, 71 B.R. 946, 948 (Br.E.D.Mo. 1987). On October 3, 1986, PTS filed its voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code (11 U.S.C.). In order to collect the delinquent pre-petition taxes from the debtor, the United States filed a proof of claim in the reorganization proceedings for the unpaid federal employment taxes at issue. On June 9, 1987, the debtor filed its plan of liquidation. Article III of the plan provided that:

> To the extent that any such tax claims consist of 'trust fund taxes' for which additional interest and penalties have

been assessed or otherwise imposed, Debtor shall have the right to first pay such trust fund tax liabilities and only after such trust fund liabilities have been paid shall payment be made upon any interest and penalties.

The United States objected to debtor's plan of liquidation on the ground that the debtor was not entitled to designate any portion of its payments of tax claims to its unpaid trust fund taxes because such payments were involuntary. The Government also argued that the plan constituted an impermissible attempt to shield from liability the persons responsible for seeing that the taxes were paid under § 6672 of the Internal Revenue Code. (26 U.S.C.).

On October 20, 1987, the Bankruptcy Court entered its Memorandum and Order overruling the objections of the Government and confirming PTS's plan. The government subsequently filed a motion to amend the Bankruptcy Court's order on October 29, 1987, directing the court's attention to a recent Third Circuit case which held that a payment of pre-petition employment taxes in a Chapter 11 reorganization is involuntary and thus not subject to allocation by the debtor. In its memorandum and order filed on December 4, 1987, the Bankruptcy Court declined to amend its earlier decision. From that judgment, the government brings its appeal. Both parties having briefed the issues, this matter is now before the Court for its determination.

## C. APPLICABLE LEGAL PRINCIPLES

The applicable provisions of the Internal Revenue Code provide that employers must deduct taxes, such as withholding and social security taxes, from the wages they pay to employees. Title 26 U.S.C. §§ 3102(a), 3402(a). The employer must hold such taxes in a special fund in trust for the United States. 26 U.S.C. § 7501(a). The withheld funds are commonly referred to as "trust fund" taxes. *Slodov v. United States*, 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978). Once the corporation has withheld the taxes, it has an obligation to turn the trust fund over to the United States on at least a quarterly basis. 26 U.S.C. §§ 3102(a), (b), 3402, 3403, 6672. *See also Emshwiller v. United States*, 565 F.2d 1042, 1044 (8th Cir.1977).

As the Supreme Court has recognized, taxes collected by a corporate employer on behalf of the employees "can be a tempting source of ready cash to a failing corporation beleaguered by creditors." *Slodov*, 436 U.S. at 243, 98 S.Ct. at 1783. Moreover, if a corporation chooses to use those funds, instead of turning them over to the government, as is its obligation, the United States Treasury suffers the loss. It suffers the loss because the government must still credit, in effect, the accounts of the employees from whose wages the taxes are withheld as if the employer had in fact paid the funds to the government. *Id., United States v. Huckabee Auto Co.*, 783 F.2d 1546, 1548 (11th Cir.1986); *Sorenson v. United States*, 521 F.2d 325, 328 (9th Cir. 1975).

In order that the United States can avoid bearing the loss of taxes that employers withhold but do not pay over, Congress has imposed personal liability on any officer or employee of the employer responsible for effectuating the collection and payment of trust fund taxes who "willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof." 26 U.S.C. § 6672. These officers and employees are termed the "responsible persons." Unlike when a corporation goes bankrupt, the responsible person's liability under § 6672 is not dischargeable and survives the bankruptcy of the responsible person. 11 U.S.C. § 523(a)(1)(A); *United States v. Sotelo*, 436 U.S. 268, 274–77, 98 S.Ct. 1795, 1799–1801, 56 L.Ed.2d 275. Thus, the government in effect has a back-up source, the responsible person, from whom it can eventually recover its funds.

It is the general policy of the IRS that when a taxpayer submits a "voluntary" payment, the taxpayer may designate the tax liability to which the government will apply the payment. *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797,

799 (9th Cir.1987); *In re Ribs–R–Us, Inc.*, 828 F.2d 199, 201 (3rd Cir.1987); *Muntwyler v. United States*, 703 F.2d 1030, 1032 (7th Cir.1983). On the other hand, when the payment is "involuntary," the IRS allocates that payment as it sees fit, applying the payment first to the non-trust fund taxes. *Muntwyler*, 703 F.2d at 1032 (citing IRS Policy Statement P–5–60, *reprinted in* Internal Revenue Manual (CCH) 1305–15); *O'Dell v. United States*, 326 F.2d 451, 456 (10th Cir.1964). Because the personal liability of the responsible persons offers an additional source for collection of trust fund taxes, this policy increases the government's opportunity to recover in full the taxes due. Moreover, the policy is consistent with the purpose of § 6672 liability, which is to encourage responsible persons to withhold the taxes that are collected from employees' wages in trust, and to see that the withheld taxes are paid over to the government when they are due. *In the Matter of Avildsen Tools & Machine, Inc.*, 794 F.2d 1248, 1251 (7th Cir.1986).

Neither party to this appeal challenges the proposition that the debtor's entitlement to designate application of payments depends on the Court's determination that the payments are voluntary. The dispute between the parties is limited to whether a payment of taxes pursuant to a Chapter 11 reorganization is "voluntary" or "involuntary." The Eighth Circuit Court of Appeals has yet to address this issue, and it is one of first impression in this jurisdiction.

## D. BANKRUPTCY COURT'S POSITION

The Bankruptcy Court recognized that when a payment is voluntarily made to the Internal Revenue Service, the taxpayer has a right to direct the application of payments to whatever type of liability he chooses. The bankruptcy court found that payments did not become involuntary sim-

ply because a claim was filed and the plan was confirmed in Chapter 11 reorganization. The debtor is still making the payments voluntarily and, therefore, the debtor can designate the application of the payments.

The Bankruptcy Court relied on five other bankruptcy decisions in various jurisdictions which all held that the payments in Chapter 11 reorganization are voluntary.[1] The court also noted that the government failed to cite any authority that suggested the payments were involuntary.

After the court issued its opinion, the government filed a motion to amend the order in light of a recent Third Circuit Court of Appeals decision, *Ribs–R–Us*, 828 F.2d 199 (3rd Cir.1987). The court in that decision found that the payments were involuntary. The Bankruptcy Court here elected not to follow *Ribs–R–Us* and refused to amend its memorandum and order. It noted that there were three views on the issue: (1) the payments are involuntary, *Ribs–R–Us, supra;* (2) the issue should be decided on a case-by-case basis, *In the Matter of A & B Heating and Air Conditioning*, 823 F.2d 462, 465–66 (11th Cir.1987), *vacated and remanded for consideration of mootness question,* —— U.S. ——, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988); and (3) the payments are voluntary, which is the Bankruptcy Court's position. There is, however, no circuit court authority to support this position.

## E. DISCUSSION

Until recently, federal courts struggled with the voluntary/involuntary distinction in the bankruptcy context and came to different conclusions. Within the last year, however, three circuit courts have addressed the issue and have reached a general consensus.[2]

---

1. It is important to note that of the five decisions the Bankruptcy Court relied on, one of those decisions has since been overruled. *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797 (9th Cir.1987). Another case has been severely limited by a Circuit Court decision that was also decided subsequent to the Bankruptcy Court's decision. *In the Matter of A & B Heating and Air Conditioning*, 823 F.2d 462 (11th Cir.1987),

vacated and remanded for consideration of mootness question, —— U.S. ——, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988).

2. *In re DuCharmes & Co.*, 852 F.2d 194 (6th Cir.1988); *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797 (9th Cir.1987); *In re Ribs–R–Us*, 828 F.2d 199 (3rd Cir.1987).

A starting point to determine whether payments made by a taxpayer are voluntary or involuntary is the oft-cited definition found in *Amos v. Commissioner*, 47 T.C. 65 (1966). The Tax Court in *Amos*, at page 69, defined involuntary payment as follows:

An involuntary payment of Federal taxes means any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the Government is seeking to collect its delinquent taxes or file a claim therefor.

The Seventh Circuit in *Muntwyler v. United States*, 703 F.2d 1030 (7th Cir.1983) examined this definition and noted that *Amos*, and the cases decided after it, "uniformly define an involuntary payment as one made pursuant to judicial action or some form of administrative seizure, like a levy." *Id.* at 1033. In *Muntwyler*, the court held that payments to the IRS made by the trustee of an assignment for the benefit of creditors were voluntary because the only IRS action was the filing of a claim with the trustee, and therefore the debtor could direct the payments to its trust fund liabilities. The court distinguished an assignment for benefit of creditors from payments made in bankruptcy, viewing the latter situation as one in which "court action is involved." *Id.* at 1033–34.

The Third Circuit has followed the reasoning of *Muntwyler*. In *In re Ribs–R–Us*, the court held that payments on pre-petition federal tax liabilities by a debtor pursuant to a plan of reorganization under Chapter 11 are involuntary. Thus, the debtor cannot direct the allocation of such payments between the trust and non-trust fund portions of the debtor's tax liabilities. *Ribs–R–Us*, 828 F.2d at 199.

The Court in *Ribs–R–Us* reached this conclusion because of all the restrictions that Chapter 11 imposes on a taxpayer once the debtor files a bankruptcy petition. When the petition is filed, the property the debtor then possesses, as well as any funds acquired afterwards, become the property of the estate. 11 U.S.C. § 541(a). The debtor becomes a "debtor-in-possession,"

and as such is not free to deal with this property as it chooses, but rather holds it in trust for the benefit of creditors. In effect, it is a trustee. The property is not held for the benefit of the responsible person. 11 U.S.C. § 1107. By filing the petition, the debtor enjoys the protection of an injunction barring secured and unsecured creditors from pursuing the debtor without court intervention. At the same time, however, the debtor-in-possession is required to obtain the court's permission to make payments other than in the ordinary course of business, and even then, notice must be given to the creditors. 11 U.S.C. § 363(b). The debtor is not free to pay whomever it chooses before the plan is confirmed because this would defeat the priority scheme established by Congress. *Ribs–R–Us*, 828 F.2d at 202–03.

Clearly, there are a number of restrictions that filing a petition in bankruptcy pursuant to Chapter 11 reorganization imposes on a debtor. It is because of all those restrictions that the court determined any payments made in Chapter 11 reorganization are involuntary. *Ribs–R–Us*, 828 F.2d at 203. The Court stated "to interpret payments pursuant to a plan of reorganization as voluntary is inconsistent with the realities of bankruptcy." *Id.* at 203.

The Ninth Circuit, in *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797, 803 (9th Cir.1987), adopted the analysis set out in *In re Ribs–R–Us*. The court concluded that by filing a bankruptcy petition under Chapter 11, the debtor is "using the authority of the court to keep its creditors at bay while it reorganized and regained financial stability. [The debtor] is not free to abuse this system by designating its payments in a way that benefit the responsible persons, and possibly harms other creditors, including the IRS, without the scrutiny of the court or other creditors." *Technical Knockout Graphics*, 833 F.2d at 803.

The third circuit court to address this issue was the Sixth Circuit. In *In re DuCharmes & Co. v. Michigan*, 852 F.2d 194 (6th Cir.1988), the court held that payments made to the IRS on pre-petition tax liabili-

ties by a Chapter 11 debtor are "involuntary" payments that cannot be allocated to pay the debtor's trust fund liabilities first. Thus, the Sixth Circuit agreed with the Third and Ninth Circuits. *DuCharmes*, 852 F.2d at 196.

The Eleventh Circuit, the only other circuit court to address the issue, however, held that a bankruptcy court has discretion to decide on a case-by-case basis whether a debtor may allocate tax payments in Chapter 11 reorganization plans. *In the Matter of A & B Heating & Air Conditioning, Inc.*, 823 F.2d 462, 465–66 (11th Cir.1987), vacated and remanded for consideration of mootness question, —— U.S. ——, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988). The Third Circuit, in *Ribs–R–Us*, criticized the Eleventh Circuit's approach, contending that the question of whether a payment of taxes made by a debtor in a Chapter 11 reorganization is voluntary or not is a question of law rather than an issue for the exercise of discretion. The court stated that "[a] uniform federal rule is preferable so that debtors, creditors, and the Internal Revenue Service will be able to know in advance whether the debtor can make such a designation and guide their decisions accordingly." *Ribs–R–Us*, 828 F.2d at 202. This Court agrees that the issue is a question of law to be determined by the courts. This is particularly important in light of Congress' intent that the bankruptcy laws be uniform throughout the United States. *Id.*

Obviously, from the discussion of the above case law, no circuit court has found a pre-petition tax liability payment pursuant to a Chapter 11 reorganization plan to be voluntary as the Bankruptcy Court below has determined. This Court finds that the better reasoned analysis is that of the Third, Sixth and Ninth Circuits and that to interpret payments pursuant to a plan of reorganization as voluntary is, in fact, inconsistent with the realities of bankruptcy. *Ribs–R–Us*, 828 F.2d at 203. By filing a petition for reorganization, a debtor seeks the protection of the court. In return for that protection, Chapter 11 subjects him to numerous restrictions. *Technical Knockout Graphics*, 833 F.2d at 803; *Ribs–R–Us*, 828 F.2d at 202–03. As several courts have noted, debtors who file under any chapter of the bankruptcy code have few if any options. As a practical matter, they file in bankruptcy because "it is a last chance for a relatively ordered financial liquidation or rehabilitation rather than the out-of-control financial debacle facing them on the eve of bankruptcy." *Ribs–R–Us*, 828 F.2d at 203, (quoting *In re Technical Knockout Graphics, Inc.*, 68 B.R. 463, 469 (9th Cir. BAP 1986 (Volinn, Bankr. J., dissenting)). Thus, the payments of taxes by a debtor undergoing Chapter 11 reorganization are most realistically classified as involuntary for purposes of the debtor's ability to designate the taxes to which the payments should be allocated.

Moreover, this Court finds that to allow a debtor to designate its payments is in derogation of Congress' strong policy, reflected in § 6672, to protect the government's tax revenues by insuring an additional source from which trust funds taxes can be collected. *United States v. Huckabee Auto Co.*, 783 F.2d 1546. Unless the government has recourse against the person responsible for the collection and nonpayment, the revenues are lost to the government. *Slodov*, 436 U.S. at 243, 98 S.Ct. at 1783; *Emshwiller v. United States*, 565 F.2d 1042, 1044 (8th Cir.1977). In order to satisfy the goal of § 6672, that is, to provide an additional source of collection, amounts collected from the corporation are applied first to its non-trust fund liabilities. *Muntwyler*, 703 F.2d at 1032 (citing IRS Policy Statement P–5–60, reprinted in Internal Revenue Manual (CCH) 1305–15). The IRS should be allowed to allocate tax payments from the Chapter 11 debtor in a manner that maximizes its ability to fully recover taxes owed.

Accordingly,

IT IS HEREBY ORDERED that the order of the Bankruptcy Court overruling the government's objections and confirming debtor's plan is reversed. The case is remanded to the Bankruptcy Court to delete the allocation provision from the reorganization plan and for other such proceedings

as may be required in light of this Memorandum and Order.