**In re Mary Ellen DAVIS, Debtor.**

**Bankruptcy No. 89–02874–BKC–M13.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Jan. 26, 1990.

T.J. Mullin, Clayton, MO., for Debtor.

John V. LaBarge, Jr. Trustee, St. Louis, MO.

Steven LaBounty, District Counsel—Internal Revenue Service St. Louis, MO.

Shaun K. Baskett, Sp. Asst. Atty. Gen., Missouri Department of Revenue, Jefferson City, Missouri.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### I. JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L), which the Court may hear and determine.

### II. INTRODUCTION

On July 12, 1989, Debtor filed a voluntary petition in bankruptcy seeking relief under Chapter 13. On October 11, 1989, the Internal Revenue Service (hereinafter "IRS") filed a proof of claim for income tax including pre-petition interest and penalties due from the Debtor for the taxable years 1986 and 1987. No objection to the claim of the IRS has been filed. The Debtor's proposed Chapter 13 plan specifies that payments made to the Trustee in satisfaction of priority tax claims shall be applied to the most recent taxable year first, with subsequent payments to be applied to the preceding latest year until all claims are paid in full. The IRS filed its Objection To Debtor's Chapter 13 Plan and Motion To Deny Confirmation on October 12, 1989. Debtor filed a letter brief in opposition to the Objection and Motion of the IRS on October 21, 1989, and the IRS submitted its reply on November 17, 1989.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

■ The question presented is whether tax payments made pursuant to a Chapter 13 plan are voluntary or involuntary. The parties agree that a taxpayer can direct the application of voluntary payments to whatever type of tax liability she chooses. *See, e.g., Muntwyler v. United States,* 703 F.2d 1030, 1032 (7th Cir.1983), citing *O'Dell v. United States,* 326 F.2d 451, 456 (10th Cir. 1964). However, when a payment is involuntary, the IRS may allocate the payments as it sees fit. *Matter of Riley,* 88 B.R. 906, 910 (Bankr.W.D.Wis.1987), citing *Muntwyler, supra.*

■ The Debtor asserts that a Chapter 13 plan is, by definition, a voluntary repayment scheme. The courts that have addressed this issue consistently begin their analysis with reference to the definition of an involuntary payment of taxes set forth in *Amos v. Commissioner,* 47 T.C. 65, 69 (1966), as follows:

> An involuntary payment of Federal taxes means any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the Government is seeking to collect its delinquent taxes or file a claim therefor.

Additional guidance is provided by the analysis of involuntary payments enunciated by the district court in *In re Professional Technical Services, Inc.,* 94 B.R. 578 (E.D.Mo.1988). There, Judge Limbaugh found that tax payments made pursuant to a plan of reorganization under Chapter 11 were involuntary in nature and, as a consequence, the Debtor was precluded from allocating the payments to specific taxable years. *Id.,* at 582. The court placed special emphasis on the fact that debtors subject themselves to numerous restrictions when they petition for relief under the Bankruptcy Code. As such, "to interpret payments pursuant to a plan of reorganization as voluntary is, in fact, inconsistent with the realities of bankruptcy." *Id.*

The Debtor seeks to distinguish *Professional Technical Services* from the controversy at issue, noting that it involved issues arising out of a Chapter 11 reorganization. Such a distinction is inapposite. At least two courts have addressed the allocability of tax payments made pursuant to a Chapter 13 plan and both found that debtors may not designate how those payments shall be applied to pre-petition liabilities. *In re Frost,* 47 B.R. 961 (D.Kan. 1985), *rev'g.,* 19 B.R. 804 (Bankr.D.Kan. 1982); *Matter of Riley,* 88 B.R. 906 (Bankr. W.D.Wisc.1987). The court in *Frost* observed that all payments made by the debtors were under the bankruptcy court's jurisdiction and made pursuant to a plan which must comply with the requirements of the Code. Therefore, the court held that "... the payments made by the debtors to the IRS are not voluntary and the IRS has the right to allocate the payments as it sees fit." *In re Frost,* 47 B.R. at 965.

This Court agrees with the conclusion reached in *Frost* and thus finds that the Debtor is not entitled to decide how her payments of priority tax claims are to be applied. The IRS should be allowed to allocate tax payments from a Chapter 13 debtor in a manner that maximizes its ability to fully recover taxes owed. Therefore, the IRS' Objection To Debtor's Chapter 13 Plan And Motion To Deny Confirmation is GRANTED.

An Order consistent with this Memorandum Opinion will be entered this date.