**In re Mark J. BUZEK dba Buzek Construction Co., Debtor.**

**Bankruptcy No. 588–1977.**

United States Bankruptcy Court, N.D. Ohio.

April 13, 1990.

---

Rajko Radonjich, Akron, Ohio, for debtor.

Rosemary Selepena, Cleveland, Ohio, for the I.R.S.

Steven Cole, U.S. Dept. of Justice, Washington, D.C., for the U.S. Dept. of Justice, Tax Div.

## FINDING AS TO APPLICATION OF COLLATERAL

HAROLD F. WHITE, Bankruptcy Judge.

On October 31, 1988, Debtor Mark J. Buzek, dba Buzek Construction Co., filed for relief under Chapter 13 of the Bankruptcy Code. On January 9, 1989, the Internal Revenue Service (IRS) filed a proof of claim for $86,514.38, representing federal taxes, interest and penalties.

The facts are not in dispute. Debtor's Plan was confirmed on January 24, 1989. On July 17, 1989, Debtor filed an objection to the IRS's claim for taxes on the basis that a portion of the IRS's claim is an unsecured priority claim and a general unsecured non-priority claim.

On November 2, 1989, the IRS filed an amended proof of claim for $86,514.38. On December 18, 1989, the IRS filed a second amended proof of claim for $80,236.89, which represents claims for FUTA taxes and withholding taxes, interest and penalties for the tax period December 31, 1987 to March 31, 1987.

The IRS filed its notice of liens prior to the filing of the Petition. The IRS's claims exceed the value of Debtor's estate, which amounts to approximately $30,000.

This matter was heard November 16, 1989 with all parties present and represented by counsel.

## ISSUE

Is the IRS entitled to direct the application of the value of the collateral to the penalty portion of its secured claim.

## CONCLUSIONS OF LAW

If the IRS is permitted to apply the collateral to the penalty portions of its claim first, it will be enabled to maximize its recovery, since the tax and interest portions of its unsecured claims will qualify as priority claims, pursuant to 11 U.S.C. § 507. However, unsecured tax penalties are not given a priority status and fall into a general unsecured status.

The first question this court must address is whether or not the payments pursuant to a Chapter 13 Plan are to be considered "involuntary". When payments are involuntary, the IRS may direct the payments whichever way it chooses. However, when the payments are "voluntary", the taxpayer is the one who is permitted to direct the payments. See *Technical Knockout Graphics, Inc.*, 833 F.2d 797, 799 (9th Cir.1987); *In re DuCharmes & Co.*, 852 F.2d 194 (6th Cir.1988); *Matter of Ribs–R–Us, Inc.*, 828 F.2d 199 (3rd Cir. 1987); and *In re Maranatha Trucking Co., Inc.*, Ch. 7 Case No. 587–1438, slip op. (N.D.Ohio Dec. 22, 1988) "Payments made to the IRS pursuant to a chapter 13 plan are involuntary. Accordingly, the IRS will be entitled to direct the application of payments." [citations omitted] *Matter of Mikrut*, 79 B.R. 404, 407 (Bankr.W.D.Wis. 1987) Also see *In re Davis*, 111 B.R. 234 (Bankr.E.D.Mo.1990) (LEXIS Genfed Library, Court file); *In re Junes*, 76 B.R. 795, 796 (Bankr.D.Oregon 1987); and *In re Frost*, 47 B.R. 961 (D.C.Kansas 1985) The court in the *Matter of Riley*, 88 B.R. 906 (Bankr.W.D.Wis.1987) stated: "Tax payments made in the course of a bankruptcy proceeding are by their nature involuntary. *See First National City Bank v. Kline*, 439 F.Supp. 726, 729 (S.D.N.Y.1977)."

In accordance with the preceding case law, this Court finds that in a Chapter 13 proceeding the payments are involuntary; and thus in the case *sub judice*, the IRS is entitled to direct the application of payments.

Debtor argues that the pre-petition tax penalties, being punitive in nature, should not be afforded priority treatment. 11 U.S.C. § 507(a)(7)(F), (G) provides that only penalties in compensation for actual pecuniary loss are given priority treatment. However, in a Chapter 13 repayment plan, " * * * the approach is to pay the secured tax claim in full and then to provide for priority payments for the balance of the unsecured tax claims." *In re Healis*, 49 B.R. 939, 941 (Bankr.M.D.Pa.1985). Also see *Mikrut*, 79 B.R. at 407.

"The IRS may allocate an involuntary payment from a taxpayer in any manner to maximize the amount of tax collected." [citations omitted] *Junes*, 76 B.R. at 796. Furthermore, since the Chapter 13 payments are involuntary, the IRS may first allocate the collateral to those claims not otherwise entitled to priority. See *Junes*, 76 B.R. at 797; *Healis*, 49 B.R. at 941; and *Mikrut*, 79 B.R. at 407.

In the case *sub judice*, this Court finds that the IRS will be permitted to direct the payments of collateral first to the pre-petition tax penalties. The remaining unsecured taxes and interest will be given priority status; however, any remaining penalties would not be given priority status under 11 U.S.C. § 507.

Debtor's brief in this matter, filed October 10, 1989, also questioned the accuracy of the IRS's proof of claim. However, this matter was heard before the Court on November 16, 1989. Subsequent to that hearing, the IRS filed a second amended claim in the amount of $80,236.89 as of December 18, 1989, thus rendering, and this court finds, the objection to the proof of claim of the Internal Revenue Service to be moot. A separate Order in accordance with this Finding shall be entered.