**In re Robert Harden ADAMS and Carol Hall Adams, Debtors.**

**Bankruptcy No. 79–666–BK–J–GP.**

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

Jan. 25, 1980.

Peter Dearing, Jacksonville, Fla., for Florida Telco Credit Union.

Gregory Crews, Jacksonville, Fla., for debtors.

## ORDER VALUING SECURITY

GEORGE L. PROCTOR, Bankruptcy Judge.

Creditors, Florida Telco Credit Union, pursuant to Section 506 of the Bankruptcy Code, has filed a motion seeking valuation of its security interest in debtors' property.

A valuation hearing was held on January 17, 1980. Debtor testified as to the condition of the property, a 1979 Pontiac Firebird. Creditor presented Mr. Richard Brinson as an expert witness in auto evaluation and Mr. Brinson's qualifications were accepted by the court. He testified that, on the date of the hearing, the automobile had a wholesale value of between $5,000 and $5,200. In his opinion, the value of the property on December 6, 1979, the date of the petition, was between $5,200 and $5,400. He stated that in each case the retail value would be approximately $1,000 more.

The first question that must be answered is whether the relevant figure for purposes of Section 506 is the wholesale or the retail value. Under the facts presented here, the Court determines that the wholesale value should govern. The credit union is not an automobile dealer, and the collateral's value to them is only what they could get for it by their customary means of disposition, in this case, sale of the car at wholesale to an automobile dealer. This

rule will not apply in every case, but absent unusual circumstances, the automobile financer will not be forced to become an automobile retailer in order to realize on its claim.

The second issue is the relevant date on which to value the collateral. The Code itself is silent on this point. The same issue has been confronted, however, by courts valuing security interests under provisions of Section 57(h) of the Bankruptcy Act, the predecessor to the present Section 506. The cases have not been uniform in result, and are collected in an annotation found at 21 A.L.R.Fed. 289 (1974).

In selecting a valuation date, the salient question becomes: "What could the secured creditor, at the date of the petition, have expected as to the increase or decrease of the value of the security?" He should not be allowed to sit back and through his inaction compel the unsecured creditors to become insurers of any deficiency that may arise. The risk of decline in value should be placed on the security creditor himself, who is best able to anticipate the problem and protect his rights. *See In re Pennyrich International*, 473 F.2d 417 (5th Cir. 1973).

When the collateral is an automobile, a decline in value as the case progresses is almost inevitable. In such cases, it is this Court's belief that the value on the date of the petition is the appropriate figure. That is the date on which the estate was created and the creditor's rights became fixed. Creditors should be encouraged to quickly pursue their available remedies and not to sit on their rights while the collateral diminishes in value.

Wherefore, the Court determines that the value of the collateral on that date of the petition was $5,400, which amount is deemed Florida Telco Credit Union's allowed secured claim. Subject to objection of an interested party, the balance of their claim is allowed as unsecured.

ORDERED this 25th day of January, 1980, at Jacksonville, Florida.