**In re Jeffrey Bruce FULCHER, Patricia Ann Fulcher, Debtors.**

**Bankruptcy No. 81–40529.**

United States Bankruptcy Court,
D. Kansas.

Nov. 10, 1981.

Blake Hudson, Hudson, Hudson & Mullies, Fort Scott, Kan., for Citizens National Bank Plaza.

Byron C. Loudon, McDowell, Rice & Smith, Kansas City, Kan., for debtors.

Lloyd C. Swartz, Topeka, Kan., trustee.

JAMES A. PUSATERI, Bankruptcy Judge.

## MEMORANDUM OF DECISION

Collateral in which Citizens National Bank of Fort Scott, Kansas (Bank) has a security interest has diminished in value between the time the debtors' chapter 13 petition in bankruptcy was filed and the time the debtors' plan will be confirmed. The debtors now propose to return the diminished-value-collateral in full satisfaction of the Bank's secured claim.

The Bank is represented by Blake Hudson of Hudson, Hudson & Mullies, Fort Scott, Kansas. The debtors are represented by Byron C. Loudon of McDowell, Rice & Smith, Chartered, Kansas City, Kansas.

The issue to be resolved is:

In order to establish the value of a secured party's claim, at what point in the chapter 13 proceeding should the collateral securing the claim be valued.

The issue has been presented to the Court through motion and the matter is ready for determination.

### FINDINGS OF FACT

The debtors filed their chapter 13 petition in bankruptcy on July 22, 1981. Citizens National Bank of Fort Scott, Kansas had a security interest in the debtors' 1975 Volkswagen and filed a proof of claim as a secured claimant in the amount of $2,775.08. The parties agree the car was worth $2,500 when the petition was filed. The debtors' plan will soon come up for confirmation and the parties feel the car is now worth only $1,000 due apparently to a mechanical problem. The debtors filed a modification of their plan on October 7, 1981 proposing to return the car in full satisfaction of all indebtedness due the Bank and the Bank requested a valuation of its claim.

### CONCLUSIONS OF LAW

In a chapter 13 proceeding the Court has already held once a plan is confirmed and a value has been placed on collateral, that value cannot be changed in the event of modification of the plan or dismissal and refiling of another chapter 13 proceeding. *In Re Garrison*, Case No. 81–40437 (D.Kan. Sept. 15, 1981).

■ The question now before the Court is, in order to establish the value of a secured party's claim, at what point in the chapter 13 proceeding should the collateral securing the claim be valued. Section 1325(a)(4), which contains valuation language similar to that of 11 U.S.C. § 1129(a)(7) provides collateral should be valued *as of the effective date of the plan* ... See, e. g., *In Re McLeod*, 5 B.R. 520 (N.D.Ga.1980). This value is for the purpose of establishing the amount of a claimant's secured claim, § 506(a), and does not preclude another and possibly different valuation at an earlier point in the proceeding to establish adequate protection under § 361 and § 362.

■ Therefore, absent a showing of bad faith by the debtor, including but not limited to destruction, misuse of the property or unreasonable delay in proposing a feasible plan, the collateral should be valued as of the day the plan is confirmed, which is the effective date of the plan, unless an effective date is otherwise provided for by the plan.

■ In the instant case, the Court does not understand the creditor to allege bad faith. Therefore, the Court finds the automobile's value is $1,000, and thus the creditor's secured claim is valued at $1,000, without taking into account any discount factor.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.