Juanita Trudell JOHNSON f/k/a Juanita Trudell Moton, Debtor.

v.

GENERAL MOTORS ACCEPTANCE CORP., Creditor.

Bankruptcy No. 87–03709.

United States Bankruptcy Court,
D. South Carolina.

March 30, 1988.

Juanita Trudell Johnson, pro se.

Dalton H. Watkins, Cola, S.C., for GMAC.

## ORDER ON DEBTOR'S MOTION TO SET VALUE OF COLLATERAL

WILLIAM THURMOND BISHOP,
Bankruptcy Judge.

Pursuant to notice, dated February 9, 1988, the Objection filed by General Motors Acceptance Corporation (hereinafter "GMAC") to the valuation of its secured claim as proposed by the debtor in this Chapter 13 case, came on to be heard, and GMAC having appeared by Mr. Dalton H. Watkins, at the hearing of GMAC's Objection held on February 29, 1988, and after hearing the testimony of the Debtor Juanita Trudell Johnson, and the arguments of counsel, the Court makes the following findings of fact:

1. The debtor filed her petition under Chapter 13 with this Court on November 16, 1987.

2. The debtor's proposed plan provides for payment of GMAC's claim as secured, but only to the extent of $7,700, together with interest, at reduced monthly installments under the plan of $165, with the balance of the claim to be paid as unsecured. According to the debtor's Chapter 13 Statement, the regular contract payments owed to GMAC were $243.71 per month.

3. With only modest net earnings of $862.92, and one dependent to support, the debtor cannot presently afford the agreed-upon monthly costs of the vehicle.

4. The plan proposes a minimum of 15 percent payment of each unsecured claim.

5. Beside GMAC, there are two other secured creditors in the case, Commercial Credit and Heilig Meyers Furniture, and the plan proposes full payment of these other secured claims.

6. Because the plan is proposed for the maximum period of sixty months but does not guarantee full payment to unsecured creditors, the lower the valuation set for GMAC's collateral, the greater the benefit that will inure to other creditors.

7. The claim of GMAC is based upon an installment contract secured by 1987 Chevrolet Camaro automobile purchased new by the debtor.

8. The net outstanding balance due GMAC (*i.e.*, the amount required under the contract to pay off the claim) is $10,998.75.

9. GMAC is not an automobile dealer and the collateral's value to it is only what it could get for it by its customary means of disposition, which is generally the sale of the car at wholesale to an automobile dealer.

10. According to the NADA guidebook, the retail value of the Camaro, including its optional equipment, is $8,850.00, and the wholesale value is $7,650.00, and the parties have stipulated to the accuracy of these valuations without offering any other evidence of value.

11. The debtor testified that the vehicle is her only means of transportation and she has no other motor vehicles.

12. GMAC argues that the appropriate valuation standard under Section 506 of the Bankruptcy Code in a Chapter 13 case should at a minimum be the retail value or replacement cost to the debtor, citing *In re Courtright*, 57 B.R. 495 (Bankr.D.Or.1986), a farm case involving determination of the value of a security interest in the debtor's farm and improvements, and *In re Reynolds*, 17 B.R. 489 (Bankr.N.D.Ga.1981), which adopted the notion of the "going concern" of a Chapter 13 debtor.

13. At the hearing on GMAC's objection, the Trustee recommended a value for the vehicle of its wholesale value or $7,650, which the Trustee contends is the price which GMAC would realize if the vehicle were surrendered or repossessed.

14. The debtor relies on *Matter of Crockett*, 3 B.R. 365 (Bankr.N.D.Ill.1980); *In re Siegler*, 5 B.R. 12 (Bankr.D.Minn. 1980); and *In re Adams*, 2 B.R. 313 (Bankr.M.D.Fla.1980), for the proposition that the relevant figure in valuing a secured creditor's security interest in a debtor's automobile is the wholesale value, where the creditor is not an automobile dealer and the collateral's value to the creditor is only what it could get for it by selling it at wholesale to a dealer.

Wherefore, the Court is compelled to use wholesale value in this case. Ignoring

foreclosure expenses, that is the value which this creditor would most likely realize and be able to apply to the debt secured by the lien after deliberate sale.

IT IS THEREFORE THE ORDER OF THIS COURT that the 1987 Chevrolet Camaro automobile described in the debtor's Chapter 13 Statement is valued at $7,650.00, which is determined to be the amount of the allowed secured claim of GMAC in this case under 11 U.S.C. § 506(a).