In re Michael J. BOYD S.S. # 429–17–0443 and Cheryl L. Boyd S.S. # 247–29–7213, Debtors.

**Bankruptcy No. 88–00303.**

United States Bankruptcy Court, D. South Carolina.

May 24, 1988.

## MEMORANDUM AND ORDER ON DEBTOR'S MOTION TO VALUE

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

### ISSUE

WHAT VALUE SHOULD BE ASSIGNED TO A MOBILE HOME IN DETERMINING THE VALUE OF A SECURED CREDITORS CLAIM UNDER 11 U.S.C. § 506(a)?

### FINDINGS OF FACT

The debtors, pursuant to 11 U.S.C. § 506(a), filed a motion to determine the value of the secured claim that Citicorp has in the mobile home which is the residence of the debtors. The debtors argue that the appropriate valuation standard under Section 506 of the Bankruptcy Code in a Chapter 13 case is the wholesale value of the mobile home. Citicorp, the creditor filed an objection to the valuation motion and argues that a retail value is the appropriate valuation standard under Section 506.

Citicorp has filed a proof of claim in the amount of $21,369.92. The creditor hired an appraiser who has placed a retail value of $15,038.00 on the mobile home. If Citicorp were to dispose of this property they or the mobile home dealer who purchased the property from them would incur substantial expenses in the course of selling it to another consumer. The multi-wide mobile home would have to be broken up into movable sections and removed from the debtors' property. It would then have to be set up on a mobile home lot prior to the sale. Part of the sales price would include the costs that would be incurred in the redelivery, set up and in retailer profit.

The NADA Mobile Home Manufactured Housing Appraisal Guide contains a retail to wholesale conversion chart. The explanation of this chart states that the "wholesale value is the amount a retailer would reasonably pay for a used home. This value depends on the circumstances under which the home is offered for sale. This chart shows how various circumstances affect the wholesale value."

One of the columns in the conversion chart deals with a multi-wide mobile home which has been moved to the lot for resale. A multi-wide mobile home which has a retail value of $15,100.00, if moved to a lot for resale has a wholesale value of $8,992.00. The reason for the substantial difference in the values is explained in the explanation at the beginning of the Retail to Wholesale Conversion Chart which states that the column concerning "move to lot for resale" adjusts values for the tear down, removing, lot set up, redelivery, reset up and a retailer profit, where a home is purchased by a retailer and is offered for sale on a sales location.

### DISCUSSION

The court in *In re Klein*, 7 B.C.D. 668, 10 B.R. 657, 4 C.B.C.2d 412 (Bkrtcy.E.D.N.Y. 1981) surveyed the cases concerning the determination of the value of a secured creditors claim under Section 506(a) and indicated that there are two basic approaches. The *Klein* court, at page 660, wrote that a majority of courts have rejected using the retail price as a basis unless the creditor was in the business of selling the property in question on the retail market. Where the property is sold at wholesale to a dealer payment of the retail value would overcompensate the creditor and excessively tax the debtor. Courts adopting this view have found that the wholesale price is the appropriate measure of value. *In re Adams*, 2 B.R. 313, 5 B.C.D. 1234 (Bkrtcy.M.D.Fla.1980); *In re Crockett*, 3 B.R. 365 (Bkrtcy.N.D.Ill.1980).

The *Klein* court wrote that the second approach followed by the courts entails valuing the collateral by applying the norm which a prudent businessman would employ to dispose of an asset. The court found the property in question should be valued at the amount the creditor would receive by its customary or commercially reasonable means of disposition.

This Honorable Court adopted the use of a wholesale figure in *Johnson v. General Motors Acceptance Corp.*, 115 B.R. 515 (Bkrtcy.D.S.C.1988), wherein the debtor sought to place a wholesale value on a retained automobile. The debtor in that case argued that where the creditor was not an auto dealer and the value of the collateral to the creditor was only what he could get for it by selling it at wholesale to a dealer, that the appropriate value was the wholesale value. The Court agreed and valued the collateral at the wholesale value.

The creditors contend that this court should adopt the holding of *In re Reynolds*, 17 B.R. 489 (Bkrtcy.N.D.Ga.1981) and value the secured claim at the retail value of the mobile home because the debtors wish to retain it and pay for it over the term of the plan. This argument was considered and rejected by this Court in *Johnson v. General Motors Acceptance Corp.*, 115 B.R. 515 (Bkrtcy.D.S.C.1988).

### CONCLUSION

I conclude that the secured creditor, Citicorp is not in the business of selling mobile homes at retail and that a value approximating wholesale is the appropriate figure to use in this case. However, some upward adjustment should be made to compensate the creditor for the fact that they will not receive all their money at one time. I therefore find that the wholesale figure of $8,992.00 should receive an upward adjustment and that the value of the mobile home in question is $10,000.00.

### ORDER

For the foregoing reasons, it is

ORDERED, ADJUDGED AND DECREED that the mobile home is valued at $10,000.00.