**In re Leonard Wade BEARD, Jr., d/b/a Beard Brothers Trucking, Debtor.**

**No. 89–11753 (11).**

United States Bankruptcy Court, N.D. Alabama.

Dec. 14, 1989.

Thomas J. Knight, Anniston, Ala., for debtor.

Richard H. Cater, Anniston, Ala., for Paccar Financial Corp.

Charles R. Johanson, III, Birmingham, Ala., for Associates Commercial Corp.

## OPINION ON VALUATION OF COLLATERAL FOR ALLOWANCE OF SECURED CLAIMS, 11 U.S.C. § 506(a).

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction—*

The above-styled case is pending before this Court under title 11, chapter 11, United States Code, having been commenced by the debtor's voluntary petition under said chapter filed November 25, 1988. The process by which the debtor has sought approval of his disclosure statement, pursuant to 11 U.S.C. § 1125 has been a long and contentious one, marked by numerous objections on the parts of Associates Commercial Corporation and Paccar Financial Corporation (who hold large and partly-secured claims) and extensive amendments or revisions of the disclosure statement. It may be expected that a final revision and the approval of the disclosure statement are imminent, with a hearing on the confirmation of the debtor's plan to follow as soon as practicable. Prior to the commencement of this case and continuously since then, the debtor has been engaged in the business of over-the-road freight hauling for hire, utilizing large and expensive freight tractors or trucks and refrigerated trailers. For example, such tractors normally sell in new condition (including a federal excise tax of approximately 12%) in the range of $75,000.00 to $85,000.00. The equipment is in as constant use on cross-country trips as the availability of hauling orders to the debtor will permit.

In connection with the approval of the disclosure statement ˙ and the expected hearing on confirmation of the plan, the debtor has requested that the validity of the liens claimed against part of the equipment be determined and that valuation of the liened equipment be ascertained for the purpose of allowing the secured portions of the respective large claims of Associates and of Paccar. This process has been completed or is in the midst of being completed from an evidentiary standpoint, but the opposing positions of the debtor and the creditors are even more contentious regarding the amounts of the secured claims than those encountered in regard to the disclosure statement. The principal issue, however, appears to be one raised by the Court and largely unaddressed by the parties.

Due to the fact that this case has been pending for more than a year, the fact that the freight tractors commonly sell new at prices in the neighborhood of $80,000.00, and the fact that the equipment is subjected to heavy usage, it makes a substantial

difference (in the thousands of dollars) as to date the value of the creditors' collateral is to be fixed by the Court. This valuation determination is to be determined pursuant to the provisions of 11 U.S.C. § 506(a), and conceivably the value could be fixed by the Court as of the time of the valuation hearing. The Court, however, might fix the valuation of the collateral at what it estimates would be the value as of the effective date of the plan, if that date were now known. Another time for fixing the valuation of the collateral, for the purpose of allowing the secured portion of the creditors' claims, would be to fix the value *as of the date of the filing of the petition* which commenced the case, and the Court is of the opinion that this is the date which must be used.

*Conclusions by the Court—*

Never previously has it occurred to the writer that the subject of the valuation date for the purpose of allowing secured claims in bankruptcy cases has been so vaguely and inadequately discussed by the treatise writers or in the opinions by the courts. After all, this is the subject which, under the *typical composition plan* of reorganization, determines to whom and in what proportions the major money in the case goes. Typically, token payments will be made by the debtor upon the unsecured claims.

▇ Absent an uncommon consent of the creditor to a less-favorable treatment, a secured claim must be paid in full as dictated by the Bill of Rights (Amendment V) prohibition against the taking of private property for public use, without just compensation. See *United States v. Security Industrial Bank,* 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982); *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935); *In re George Ruggiere Chrysler Plymouth,* 727 F.2d 1017 (11th Cir.1984). The bankruptcy statute provides that no plan of reorganization may be confirmed unless each holder of an impaired claim has accepted the plan or will receive or retain not

less than the amount which would have gone to the creditor had the debtor been liquidated under chapter 7 of the bankruptcy statute on the effective date of the plan. 11 U.S.C. § 1129(a)(7)(A). If a plan of reorganization is insufficiently accepted or makes insufficient provision for claims to meet the confirmation test of § 1129(a)(8)(B) and the proponent of the plan requests confirmation under subsection (b)(1), another requirement that each secured claim be paid in full comes into play under subsection (b)(2)(A).

▇ When the leading bankruptcy treatises are consulted on the question of the date as of which the value of the collateral is to be determined, for the purpose of allowing secured claims, one finds that *Norton,* in § 28.24 ("Valuation"), is silent, except in footnote 6, which follows:

> 6  In addition to determining an appropriate market reference, the court must determine as of what point in time value should be assessed. Presumably, in automatic stay litigation, the appropriate time is when adequate protection is assessed. In a Chapter 7 case regarding claims, exemptions and redemption, the appropriate time is the filing date for the case. See *In re Walsh,* 6 BCD 793, 5 BR 239, 2 CBC2d 815 (BC DC, 1980); *In re Adams,* 5 BCD 1234, 2 BR 313 (BC MD Fla, 1980). But see *In re Pierce,* 6 BCD 1241, 5 BR 346, 2 CBC2d 842 (BC Neb, 1980) (date of redemption proceeding). In Chapter 13 cases, regarding confirmation of a plan, the appropriate date is the day of the valuation hearing in the absence of bad faith or excessive delay before confirming a plan. See *In re Klein,* 7 BCD 668, 10 BR 657, 4 CBC2d 412 (BC ED NY, 1981); *In re Fulcher,* 15 BR 446 (BC Kan, 1981); *In re Jones,* 6 BCD 965, 5 BR 736 (BC ED Va, 1980).[1]

*Collier,* more forthrightly but erroneously, states the following:

> The value of the subject property should be determined as of the date to which the valuation relates. For example, if the valuation is to determine the amount of a secured claim for purposes of a chapter 11, 12 or 13 plan, the value should be determined as of, or close to, the effective date of the plan.....[2]

The *Collier* statement that the value "should be determined as of the date to

**1.**  Norton, Bankruptcy Law and Practice § 28.24, note 6 (1981, rev. 1985).

**2.**  3 Collier on Bankruptcy, ¶ 506.04, P. 506–37 (15th ed. rev. 1989).

which the valuation relates" is but an utterance of the obvious, with which no exception is to be taken. It is a very different matter, for the text to state that "[f]or example, if the valuation is to determine the amount of a secured claim ..., the value should be determined as of, or close to, the effective date of the plan." Such an example is a *non sequitur.* Besides not being an obvious example of its statement that the value should be determined as of the date to which the valuation relates, it is contrary to the purpose of allowing the secured claim under the provisions of 11 U.S.C. § 506(a), which states:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Furthermore, 11 U.S.C. § 502(a) provides that when a proof of claim is filed as provided under 11 U.S.C. § 501, the claim "is deemed allowed, unless a party in interest ... objects." Subsection (b) provides that "if such objection to a claim is made, the court ... shall determine the amount of such claim in lawful currency of the United States *as of the date of the filing of the petition....*" (Emphasis added.)

When one turns to cases expressing an opinion on the question of a proper date for valuing a creditor's collateral a variety of circumstances and viewpoints is encountered. In *In re Blakey,* 76 B.R. 465 (Bankr.E.D.Pa.1987), the court follows the quoted statement from *Collier,* and holds:

"[t]he date of the confirmation of the Debtor's [chapter 13] plan is the significant date for determination of value per 11 U.S.C. § 506(a)." 76 B.R. 465, 467. Less than a year later, in a case converted from chapter 13 to chapter 7, the same writer held: "[s]ince there is no plan in a chapter 7 case, it is apparent that the evaluative moment in such a case must be, for all purposes, the date of filing," citing section 502(b). *In re Mays,* 85 B.R. 955, 958 (Bankr.E.D.Pa. 1988) (see p. 962). Earlier, a different judge of the same court wrote in a chapter 13 case that the view that "the date of the filing of the petition is the time of valuing the secured claim under § 506" is "clearly supported by 11 U.S.C. § 502(b)." *In re Bragger,* 39 B.R. 441, 443 (Bankr.E.D.Pa. 1984).

The court in *Bragger* cites approvingly *In re Adams,* 2 B.R. 313 (Bankr.M.D.Fl. 1980) for its early holding that the petition filing date is the one as of which collateral is to be valued in allowing a secured claim pursuant to section 506(a). The *Adams* opinion does not identify which type of case it is.

The court in *Bragger* criticizes the holding in *In re Klein,* 10 B.R. 657 (Bankr.E.D. N.Y.1981) for concluding that, in a chapter 13 case, value should be determined as of the effective date of the plan, through a misreading of 11 U.S.C. § 1325(a)(5)(B)(ii).[3] That portion of the statute reads as follows:

> (B)(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;

The statutory reference to "value, as of the effective date of the plan" is, of course, to the "property to be distributed under the plan" to the holder of the secured claim, and reference to "the allowed amount of such claim" has no tie to the "effective date of the plan" language. The most that can be said for the erroneous construction is that both phrases appear in the same provision of the statute; however, the

3. See 10 B.R. 657, 660.

same misreading occurs in *In re Fulcher,* 15 B.R. 446, 448 (Bankr.D.Ka.1981) (reference to § 1325(a)(4) is a miscite of § 1325(a)(5), although similar language is found in (a)(4), dealing with unsecured claims.).

In reviewing the court decisions, one finds that another early chapter 13 case agreed with the holding in *Adams,* stating: "[t]he time for valuation is the date of the filing of the petition." *In re Van Nort,* 9 B.R. 218, 221 (Bankr.E.D.Mi.1981). A latter case, *In re Cook,* 38 B.R. 870 (Bankr.D. Ut.1984), however, cites with approval the quotation from Collier and holds that the time as of which collateral is to be valued is the effective date of the plan. 38 B.R. 870, 872. *In re Lackow Bros., Inc.,* 752 F.2d 1529 (11th Cir.1985), the court determined that a preference-avoidance action required that the collateral for a partly secured claim must be valued both at the date of the filing of the petition and at 90 days before, but that is a different matter from the one under consideration here.

Before this matter can be laid to rest, it is appropriate to discuss three statutory aspects of the question. Firstly, section 506(a) equates "secured claim" to "the value of such creditor's interest in the estate's interest in such property"—the collateral. It then commands that "[s]uch value shall be determined *in light* [1] of the purpose of the valuation and [2] of the proposed disposition or use or such property, and *in conjunction with* any hearing [1] on such disposition or use or [2] on a plan affecting such creditor's interest." (Emphasis added.) Secondly, when a class of *secured* claims has not accepted a chapter 11 plan, it cannot be confirmed unless as required by section 1129(b)(2)(A)(i)(II), it provides "that each holder of a claim of such class receive on account of such claim deferred cash payments" or one of the other two treatments approved in that subsection part. For the "payments" to qualify, they must [1] "[total] at least the allowed amount of such claim" and [2] must have "a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property." The latter clause is identical to language in section 506(a), except that "creditor's" is used there instead of "holder's" here. There, the party in interest referred to is a *creditor,* and the secured status of the creditor's claim is to be determined. Here, a secured claim has been determined ("allowed"), and the party referred to is the *holder* of an allowed secured claim. This virtually identical language in sections 506 and 1129 lends no support to valuation of the collateral as of the effective date of the plan or of the valuation hearing. As previously pointed out, this language in section 506(a) merely equates with the "allowed secured claim," and there is no reason why it means anything else in section 1129(b)(2)(A)(i)(II). Also, as noted with regard to section 1325(a)(5)(B)(ii), the language "value, as of the effective date of the plan" refers to the "deferred cash payments", not to the value of the creditor's lien.

When section 506(a) provides that the value of the collateral "shall be determined in light [1] of the purpose of the valuation and [2] of the proposed disposition or use of such property," it is, in the present context, referring to [1] the allowance of the secured claim and [2] the retention, sale, or surrender of the collateral by the debtor in possession or a trustee. None of these elements of that provision suggests a valuation date other than the date of the filing of the petition, when the purpose is to allow the secured claim. If the purpose is different—such as to determine depreciation and "adequate protection" (described in 11 U.S.C. § 361)—the beginning date of the period for which depreciation is to be determined would be an appropriate valuation point.[4] The same would be true if the inquiry related to a period of substantially

---

**4.** The Eleventh Circuit Court of Appeals has stated in a case involving the debtor's use of "cash collateral" and "adequate protection" of the creditor's security interest that "[v]alue is determined as of the filing date"; however, this case dealt with issues on a motion for leave to use cash collateral filed only two days after the debtor filed its chapter 11 petition. *In re George Ruggiere Chrysler-Plymouth,* 727 F.2d 1017, 1020 n. 4 (11th Cir.1984).

increased hazard for the collateral and adequate-protection payments were sought.

I suppose that no one would argue that the main thrust of section 506(a) is something other than the allowance of secured claims or as its title states: "[d]etermination of secured status." One must then wonder why the quoted additional language was added to subsection (a), as well as the further direction that the valuation must be made "in conjunction with any hearing [1] on such disposition or use or [2] on a plan affecting such creditor's interest." Subsection (a) would have been complete had it ended after stating, in effect, that the *value* of the creditor's lien is the *amount* of its secured claim. Apparently, the additional language was thrown in for "good measure" to make clear that a creditor's property rights in a bankruptcy case are determined for other purposes as they are for the allowance of the creditor's secured claim. I see no inference to be drawn from the additional language that the main purpose of allowing a secured claim should be effected other than as of the time that the bankruptcy petition was filed.

The third statutory matter concerns the argument that section 502(b) stands for the proposition that claims are allowed as of the commencement of a bankruptcy case and, therefore, that the secured status or portion of the claim also must be determined as of that time. Although persuasive for that proposition, the language of subsection (b) is activated only if an "objection to a claim is made." Subsection (b) is, however, a sequential provision to the automatic allowance of a claim, proof of which is filed under section 501, and negates the automatic allowance if an "objection to a claim is made." The real persuasion of the provision of section 502(b) that, upon an objection, the court "shall determine the amount of such claim ... as of the date of the filing of the petition" lies

in the fact that the provision is harmonious with the principal or most-commonly-applicable definition of "creditor" in the bankruptcy statutes. Section 101(9) states that "'creditor' means—(A) entity that has a claim against the debtor that arose at the time of or before the order for relief [5] concerning the debtor...." (Footnote added.)

Whatever the view as to the implications from the silence of the bankruptcy statute on the specific time as of which the value of collateral is to be determined or the language found in various sections of title 11, United States Code, or as to perceived drafting faults of these sections, the compelling reason for selecting the date of the filing of the petition for the time as of which a creditor's collateral is to be valued is one briefly touched on in the early *Adams* opinion but apparently not considered in later cases. There the court stated:

> When the collateral is an automobile, a decline in value as the case progresses is almost inevitable. In such cases, it is this Court's belief that the value on the date of the petition is the appropriate figure. That is the date on which the estate was created and the creditor's rights became fixed.....

2 B.R. 313, 314.

While statutory law, enacted under Congress' "bankruptcy power," [6] may not—in the face of the "taking provision" of the V Amendment—reduce the value of a creditor's collateral ("secured claim") in a bankruptcy case, it most certainly does substantially interfere with a creditor's rights regarding this collateral.

There, thus, is created a tension between substantial interference and the prohibited "taking." It is at the point of filing of the bankruptcy petition which initiates the bankruptcy case that this interference commences, and it is at this point that the

---

**5.** 11 U.S.C. § 301:

§ 301. Voluntary cases.

A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor

under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an *order for relief* under such chapter. (Emphasis added.).

**6.** U.S. Const. art. I, § 8.

impact of the statutory provisions must be controlled, so as not to go beyond the permitted and become the prohibited taking of private property "for public use without just compensation." Here, the "public use" is the "public interest" to be served by the enacted bankruptcy system. It seems apparent that it is the value of the creditor's lien which must be protected at this point and thereafter from the other effects of the bankruptcy system. In other words, it is the "value of such creditor's interest in the estate's interest in such property," as section 506(a) provides, which is to be the creditor's allowed secured claim and which must be determined at the point of first impact of the bankruptcy upon the rights of the creditor in the collateral. Simply stated, the value of the creditor's lien at the time of the filing of the bankruptcy petition (its secured claim) is that which is constitutionally protected from the bankruptcy system and that value must be determined by the court under section 506(a).

Without force, it is asserted in *Cook*, cited above, that this date for the valuation, where "adequate protection payments" have been obtained by the creditors, "would require debtors to pay twice in such cases: once to compensate for depreciation and again because value would be fixed as of the date of filing" the petition. 38 B.R. 870, 872. Such is an imaginary concern, because the "adequate protection payments" are in reality payments on the creditor's secured claim, and no double payment occurs. This is but an example of the seeming ability of terms used in bankruptcy cases to take on a life of their own, but "adequate protection payments" are payments on the secured claim no matter how vivid or vivacious the term.

Likewise, in using collateral value as of the petition filing date, there is no problem with the provisions of subsection (b) of section 506, which protect from the "bankruptcy" a creditor's over-secured claim, by providing for payment to the creditor of "interest on such claim" and contracted-for fees or costs. Since these items incurred

prepetition would be included in the creditor's bankruptcy claim,[7] the reference in section 506(b) must mean those items arising from the petition filing date onward. Unless the collateral is valued as of that filing date, it could not be determined that the claim was over secured at that time, entitling the creditor to interest on the claim from the date of the filing of the bankruptcy petition. Rather than there being a problem with using the petition filing date as the collateral valuation date, in conjunction with section 506(b), the provisions of the second part of the statute on "[d]etermination of secured status" of claims require that date.

The Court concludes that the weighty authority to the contrary is unsupportable, and an order allowing the secured claims of Associates and Paccar, using collateral values as of the date of the bankruptcy, will be entered.

---

7. See "creditor," 11 U.S.C. § 101(9)(A).