**In the Matter of Gerald R. SEIP and Lillian A. Seip, Debtors.**

**Bankruptcy No. BK 86–3526.**

United States Bankruptcy Court, D. Nebraska.

June 25, 1990.

Ronald L. Sanchez, North Platte, Neb., for Connecticut Mut. Life Ins. Co.

Arlan G. Wine, Wauneta, Neb., for debtors.

Patricia Dugan, Omaha, Neb., U.S. Trustee.

## MEMORANDA

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This Chapter 11 case presents the issue of whether the amount of a secured claim for purposes of the plan of reorganization is determined by the value of collateral on the date the case was commenced or, alternatively, on a date in close proximity to the date of confirmation of the plan. Also before the court is a dispute regarding the application of adequate protection payments made to a secured creditor during the case. The issues are raised in the context of an Objection to Confirmation (Fil. # 161) filed by Connecticut Mutual Life Insurance Company. I conclude that collateral must be valued in close proximity to the date of confirmation. The objection to confirmation should therefore be granted.

## FACTS

Debtors, Gerald and Lillian Seip, filed Chapter 11 bankruptcy on December 11, 1986. Connecticut Mutual Life Insurance Company ("Connecticut Mutual") holds a mortgage on debtors' real estate and certain equipment. Connecticut Mutual's claim was $596,669.79 on December 11, 1986, the date this case was filed. The claim consisted of unpaid principal of $435,-734.53 and prepetition interest of $160,-935.26. On the date this bankruptcy case was filed the value of the real estate and equipment securing Connecticut Mutual's claim was $520,000.00. The parties have stipulated that the current value of the real estate and equipment is $650,000.00.

Prior to filing bankruptcy, debtors defaulted on payments under the mortgage with Connecticut Mutual. Connecticut Mutual commenced foreclosure proceedings in state court and a consent decree of foreclosure between debtors and Connecticut Mutual, together with an order granting Connecticut Mutual immediate possession of the property and equipment, were entered.

Under the state court orders, the debtor, Mr. Seip, and Connecticut Mutual entered into a lease agreement providing for a lease of the real estate and equipment to Mr. Seip. A foreclosure sale was scheduled for December 12, 1986, but debtors filed this bankruptcy case on December 11, 1986 before the sale occurred.

Debtors' plan proposes to treat the secured claim of Connecticut Mutual by valuing Connecticut Mutual's collateral as of the date debtors' bankruptcy petition was filed, rather than on or about the date of confirmation. Further, debtors' plan reduces the claim of Connecticut Mutual by an amount equal to payments made to Connecticut Mutual during this case. During the pendency of this case, debtors made two $25,000.00 lump sum adequate protection payments and payments on account of accruing interest on pre-petition real estate taxes to Connecticut Mutual.

In the objection to confirmation, Connecticut Mutual asserts that the collateral securing its claim should be valued at or about the time of confirmation rather than at the date of commencement of this case. Connecticut Mutual also asserts that its allowed secured claim should not be reduced by the amount of the adequate protection payments it received during this case.

Conversely, debtors assert that the collateral securing the claim of Connecticut Mutual should be valued as of the date the bankruptcy case was filed. In support of their arguments for valuing property at the date of filing, the debtors rely upon the recent decision of *In re Beard*, 108 B.R. 322 (Bkrtcy.N.D.Ala.1989). In addition, debtors assert that the adequate protection payments made to Connecticut Mutual should be deducted from the allowed secured claim of Connecticut Mutual.

## DISCUSSION

I conclude that the collateral securing the claim of Connecticut Mutual should be valued at or about the time of confirma-

tion. Accordingly, I conclude that the objection to confirmation should be granted.

Although logical arguments can be made in support of valuing collateral at the date of filing, *see In re Beard,* 108 B.R. at 324–27, I conclude that for purposes of confirmation, collateral should be valued in close proximity to the date of confirmation. First, I conclude that precedent of the United States Court of Appeals for the Eighth Circuit is controlling on this issue and should be followed. The eighth circuit has clearly held that "[f]or purposes of the reorganization plan, the value of the collateral is to be determined at the time for confirmation of that plan." *See Ahlers v. Norwest Bank Worthington (In re Ahlers),* 794 F.2d 388, 399 (8th Cir.1986) (citing 11 U.S.C. Section 506(a)), *rev'd on other grounds,* 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). The eighth circuit reasoned that under Section 506(a):

> valuation is to be determined in light of the purposes of the valuation and the proposed disposition or use of the subject property. This determination shall be made in conjunction with any hearing on such disposition or use of property or on a plan affecting the creditor's interest. To illustrate, a valuation early in the case … would not be binding upon the debtor or creditor at the time of confirmation of the plan. Throughout the [Bankruptcy Code], references to secured claims are only to the claim determined to be secured under this subsection, and not to the full amount of the creditor's claim.

*Id.* at 399–400 (quoting S.Rep. No. 989 at 68, U.S.Code Cong. & Ad.News 5787 at 5854). *See also Lend Lease v. Briggs Transportation Co. (In re Briggs Transportation Co.),* 780 F.2d 1339, 1349 (8th Cir.1985) ("[A] value determination for automatic stay purposes is not necessarily the same as value determined for another purpose, such as confirming a plan.") (citing Section 506(a)). Although the eighth circuit's decision in *Ahlers* was reversed in part by the United States Supreme Court, the decision was reversed solely on a separate ground respecting the absolute priority rule. *See Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). Thus, the reversal does not lessen the precedential effect of the eighth circuit's holding in *Ahlers* that for purposes of confirmation, collateral should be valued in close proximity to the date of confirmation.

Second, I conclude that collateral should be valued as of the time of confirmation as a matter of statutory construction. Under Section 506(a), the amount of a creditor's allowed secured claim "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest". Section 506(a) clearly contemplates, and in fact directs, that determination of value be made in light of the circumstances. If the amount of a secured creditor's allowed secured claim were to be conclusively determined by the value of collateral on the date the bankruptcy petition was filed, and such amount could not be redetermined during the course of the bankruptcy case, the language in Section 506(a) would be rendered meaningless in the context of confirmation proceedings. This is contrary to the overall statutory scheme.

Third, I conclude that the language in Section 502(b) is not inconsistent with valuing collateral in proximity to the confirmation date. In support of their argument that valuation of a creditor's collateral should occur at the date of filing, debtors rely on *In re Beard,* 108 B.R. at 324–27. The *In re Beard* case relied on the language of Section 502(b) to hold that valuation of collateral for purposes of confirmation should occur at the date of filing. Section 502(b) provides that if an objection to claim is made, the court "shall determine the amount of such claim … as of the date of the filing of the petition."

I respectfully disagree with the reasoning of *In re Beard.* The *In re Beard* decision does not recognize the essential principle set forth in Section 506(a). Under that section, valuation is to be determined "in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any

hearing on such disposition or use or on a plan affecting such creditor's interest." *See* Section 506(a). It is often stated that valuation hearings have no *res judicata* affect in bankruptcy cases. That statement captures the essence of Section 506(a). Findings of fact as to the amount of an allowed secured claim on the date a case was filed, as determined under Section 502(b) in the context of an objection to claim, are not binding as to the value of collateral on a later date or as to value in other contexts. The allowed amount of a secured claim will increase, to the extent of an equity cushion, as interest and allowed expenses accrue under 506(b). The allowed secured claim will decrease as collateral drops in value. Under the rule of decision in *In re Beard*, if collateral drops in value between commencement of the case and confirmation of a plan, the amount of the allowed secured claim under the plan would be greater than the value of the collateral on the confirmation date. That is an absurd result which is inconsistent with Section 506(a) and with the overall statutory scheme. In the context of confirmation, one must look to a date on or about confirmation. This is true under Section 1129 in general. In a Chapter 11 case a creditor must receive an amount not less than it would receive in a liquidation "as of the effective date of the plan". *See* Section 1129(a)(7)(A)(ii). To be consistent therewith, the secured amount of a creditor's claim should be determined by valuing collateral as of the confirmation date. I hold that for purposes of confirmation, the collateral securing a creditor's claim should be valued at a date in close proximity to the confirmation date.

The issue as to how the adequate protection payments are to be applied is essentially moot because Connecticut Mutual is oversecured. Since the collateral of Connecticut Mutual is to be valued at or near the date of confirmation, it is clear that Connecticut Mutual is oversecured. The value of its collateral is greater than the amount of Connecticut Mutual's claim. The allowed secured claim under Section 506(b) includes interest, and any reasonable costs and fees provided for in the agreement between the parties. The adequate protection payments shall be applied by Connecticut Mutual on its secured claim, and such application shall be in accordance with the loan documents between the parties and applicable state law.

Based on the reasons set forth, I conclude that the value of Connecticut Mutual's claim should be determined at or in close proximity to the date of confirmation of debtors' plan. The Objection to Confirmation (Fil. #161) is hereby granted.