In re David MOREAU and Darlene Moreau, Debtors.

BENEFICIAL HOMEOWNER SERVICE CORP., Appellant,

v.

David MOREAU and Darlene Moreau, Appellees and Debtors.

Nos. 91–CV–1094, 91–CV–1434.
Bankruptcy No. 90–13374.

United States District Court,
N.D. New York.

May 28, 1992.

Solomon and Solomon, Albany, N.Y. (Douglas M. Fisher, of counsel), for appellant.

Carter Conboy Bardwell Case Blackmore & Napierski, Albany, N.Y. (James P. Trainor, Michael Judge O'Connor, of counsel), for appellees/debtors.

Robert E. Littlefield, Jr., Chapter 13 Trustee, Albany, N.Y.

Kim LeFebvre, Office of the U.S. Trustee, Albany, N.Y.

MEMORANDUM–DECISION
AND ORDER

McCURN, Chief Judge.

## I. BACKGROUND

Before the court is an appeal by creditor/appellant Beneficial Homeowner Service Corporation ("Beneficial") from two orders of the Bankruptcy Court for the Northern District of New York (Mahoney, J.). Specifically, Beneficial appeals orders in which the court:

(1) ruled that the debtors, David and Darlene Moreau, could modify the terms of their indebtedness to Beneficial pursuant to 11 U.S.C. § 1322(b)(2) (West Supp.1991); and

(2) confirmed the Moreau's Chapter 13 plan without conducting a new, up-to-date valuation hearing.[1]

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a) (1988) and now consolidates these two cases for purposes of this appeal.

On January 9, 1992, this court granted Beneficial's motion for a stay of the bankruptcy court's confirmation of the Chapter 13 plan pending a ruling on the appeal from that order. *In re Moreau*, 135 B.R. 209 (N.D.N.Y.1992) (McCurn, C.J.). In granting the stay, the court reviewed the

---

1. Beneficial's appeal from the confirmation order was originally assigned to Judge Cholakis. Noting that the two appeals are related, this court ordered that the appeal from the confirmation order be transferred here. For purposes of this decision, the court has consolidated the two appeals.

merits of Beneficial's appeal and found that Beneficial had demonstrated a likelihood of success on the merits. The basis for the court's decision was that the Bankruptcy Court likely erred in failing to conduct a new, updated valuation hearing within close proximity to the confirmation date so as to account for the large disparity between the adjudicated value of the secured property and the apparent actual value of the property as of the confirmation date. *Moreau*, 135 B.R. at 214.

After the issuance of the stay, the Moreaus (debtors/appellees) filed their brief in opposition to Beneficial's appeal. The Moreaus essentially contend that the cases relied upon by this court in the stay proceedings are all distinguishable and that an updated valuation hearing was neither necessary nor appropriate. The Moreaus also argue the merits of the other basis for Beneficial's appeal, *i.e.* from the bankruptcy court's ruling that they (the Moreaus) could modify the terms of their indebtedness to Beneficial pursuant to 11 U.S.C. § 1322(b)(2).

## II. DISCUSSION

■ A ruling that the bankruptcy court erred in failing to conduct an updated valuation hearing would necessitate a remand for a new valuation hearing. More importantly, such a ruling would obviate the need to discuss the merits of Beneficial's appeal concerning modification of the terms of indebtedness. This is because the new valuation hearing might (and probably will) reveal that Beneficial's secured interest in the Moreaus' property is greater than that accounted for under the current Chapter 13 plan. Based upon its newly-valued security interest, Beneficial might recover all of the Moreaus' outstanding indebtedness, in which case this controversy will be resolved without reaching the second issue concerning modification of the indebtedness.

■ The court reviews the bankruptcy court's orders *de novo* because the appeals present questions of statutory interpretation. *See, e.g., In re Koreag, Controle et Revision S.A.*, 961 F.2d 341, 347 (2d Cir. 1992) (citation omitted). As set forth in this court's January 9, 1992 decision granting a stay, a new valuation hearing closer to the date on which the plan was confirmed was required. The Moreaus' attempts to distinguish the cases cited in that decision are unavailing.[2] Since the reasons for this finding are thoroughly set forth in the January 9 decision, *see Moreau*, 135 B.R. at 212–14, the court will not repeat them here. It is important to note, however, that today's ruling does not mandate a change in the general practice of the bankruptcy court in conducting valuation hearings. Rather, the court merely holds that when an unforeseen event occurs after the valuation hearing but before the confirmation date which significantly affects the true value of the subject property, the bankruptcy court should take note of that event and conduct a new valuation hearing so as to ensure the most equitable distribution of the property. *See, e.g., In re Seip*, 116 B.R. 709, 711 (Bankr.D.Neb.1990) (citing *Ahlers v. Northwest Bank Worthington*, 794 F.2d 388, 399 (8th Cir.1986), *rev'd on other grounds*, 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988)); *In re Blakey*, 76 B.R. 465 (Bankr.E.D.Pa.1987), *cited in Moreau*, 135 B.R. at 213. This ruling is in keeping with the court's reasoning behind granting the stay in the first place:

section 506(a) of the Bankruptcy statute (governing valuation hearings) *mandates* that value determinations be made "in conjunction with any hearing on ... disposition or use or on a plan concerning [the] creditor's interest."

11 U.S.C. § 506(a) (1988). The very purpose behind conducting a valuation hearing would be eviscerated if the hearing is held so far in advance of confirma-

---

**2.** To that end, the court rejects the Moreaus' contention that Beneficial waived its right to appeal by waiting until the plan confirmation date to appeal as opposed to appealing immediately after the valuation hearing. The Moreaus' argument is without merit because Beneficial does not contest the valuation hearing *per se*.

Rather, Beneficial's appeal arises from the bankruptcy court's *confirmation* of the plan without conducting a new, updated hearing. Thus, Beneficial argues that the confirmation—not the valuation hearing—was erroneous. Beneficial filed a timely appeal from the plan confirmation.

tion so as to allow the property values at issue to change during the interim. The most equitable distribution simply cannot be achieved if the assumed value of the property upon distribution differs from its actual value.

*Moreau*, 135 B.R. at 213 (emphasis in original) (citations omitted).

There was ample evidence suggesting that some intervening event caused a significant increase in the value of the Moreau property in which Beneficial held a security interest. *See id.* at 214. Therefore, the bankruptcy court should have conducted an updated valuation hearing before confirming the Chapter 13 plan. This case is remanded to the bankruptcy court with directions to conduct a new valuation hearing with respect to the Moreau property in which Beneficial holds a security interest. If the hearing reveals property values that are significantly different from those utilized in the original Chapter 13 plan, then a modified Chapter 13 plan should be designed to reflect the new findings.

As discussed above, today's ruling should obviate the need to rule on Beneficial's alternative appeal. In the event that the new hearing and subsequent plan modification (if appropriate) do not vindicate Beneficial's rights, then Beneficial may refile its appeal regarding the modification of the terms of indebtedness. This appeal should be filed, if at all, within thirty days of the new plan confirmation and may rely upon the same arguments already submitted to the court with respect thereto.

### III. CONCLUSION

The bankruptcy court's order confirming the Moreaus' Chapter 13 plan is reversed and the case is remanded for a new valuation hearing in accordance with the terms of this decision.

IT IS SO ORDERED.