In re Harry H. FOLK, Debtor.

Bankruptcy No. 2–86–03097.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Nov. 13, 1986.

Ric Daniell, Columbus, Ohio, for debtor.

Harry H. Folk, James C. Lewis, Columbus, Ohio, for Bank One, Columbus, NA.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## ORDER SUSTAINING OBJECTIONS TO CONFIRMATION

B.J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon objections to confirmation of the Chapter 13 plan proposed by Harry H. Folk. The objections were filed by Bank One, Columbus, NA ("Bank One") and were heard by the Court.

The debtor has proposed a Chapter 13 plan which, as amended, provides for payments of $807.67 each month for the first 12 months with monthly increases of $173.95 on each anniversary of the plan, payment in full of allowed secured and priority unsecured claims and a dividend of 21% to allowed general unsecured claims. Bank One is the holder of two secured claims and numerous unsecured claims.

The bases for Bank One's objections are its assertions that the plan has not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3) and does not propose to surrender Bank One's collateral or provide Bank One with property to be distributed under the plan on account of its claims equal to the allowed amount of those secured claims as mandated by 11 U.S.C. § 1325(a)(5)(B and C).

The Court notes that on June 5, 1985 the debtor and Bank One entered into an agreement pursuant to which Bank One loaned $5,097.71 to the debtor to be repaid at an effective annual interest rate of 14.302%. The proceeds of that loan were used to purchase a 1976 Mercedes Benz 300 Sedan which was pledged as collateral for

the loan and upon which Bank One has a properly noted lien. The debtor values this vehicle at $2,500.00 and proposes to pay that amount to Bank One through his plan. The unpaid balance of the loan, $1,609.70, is to be paid as a general unsecured claim at a 21% dividend.

On June 6, 1985 the debtor and Bank One entered into another agreement pursuant to which Bank One loaned $17,525.88 to the debtor to be repaid at an annual interest rate of 14.25%. The proceeds of that loan were used to purchase a 1973 Mercedes Benz 450 SL Coupe which was pledged as collateral for the loan and upon which Bank One has a properly noted lien. The debtor values this vehicle at $9,000.00 and proposes to pay that amount to Bank One through his plan. The unpaid balance of the loan, $6,416.44, is to be paid as a general unsecured claim at a 21% dividend.

After consideration of the testimony and other evidence, the Court finds that the current value of the 1976 Mercedes is $3,750.00 and the current value of the 1973 Mercedes is $12,500.00. These values are derived from consideration of the documented purchase price for the vehicles approximately 14 months prior to the date this case was filed, the estimated cost for required necessary repairs, values set forth in the CPI and N.A.D.A. guides with appropriate discount for existing weather factors in the midwestern United States, and upon a general knowledge of factors affecting the depreciation of vehicles.

The Court's finding that Bank One's secured claims are allowed at $3,750.00 and $12,500.00 causes the debtor's plan, as proposed, to fail to comply with the requirements of 11 U.S.C. § 1325(a)(5). Without such compliance the plan cannot be confirmed.

Based upon the foregoing, confirmation of the debtor's plan should be, and the same is hereby, denied. Such denial also means that the bad faith assertion set forth in Bank One's objection to confirmation need not be considered by the Court at this time.

The debtor will be given twenty (20) days to take whatever action is needed in this proceeding. If no action is taken within that period, the Court may dismiss this case without further notice to parties in interest. If the action taken is the proposal of a different plan, Bank One must reassert at that time any objection it continues to have to confirmation of that plan.

IT IS SO ORDERED.